HONORÉ DÉJEAN *v.* ELIZABETH STILLY et al.

If the order granting an appeal does not mention the return day, and the appeal is filed after the next return day had passed, the appeal will be dismissed.

It is the duty of the Supreme Court to notice, *ex officio*, irregularities in the proceedings of the court below.

APPEAL from the District Court of the Parish of St. Landry, *Dupré*, J. *Dupré & Garland*, for plaintiff. *Swayze & Moore*, for defendant and appellant.

MERRICK, C. J. This suit is brought to recover the price of a tract of land. The defendant alleged that the title to a part of the land was in one *Berand*, and prayed for a deduction in the price. Plaintiff amended and caused the heirs of the vendor of the intestate to be cited in warranty, including *Berand*.

*Berand* alleged title in himself. Defendant amended, pleading prescription.

Judgment was rendered at the November term, 1856, allowing defendant a reduction in the price, giving plaintiff judgment against defendant for the residue, and a judgment over against the warrantors for such diminution and recognizing *Berand's* title.

The order for an appeal made 29th November, 1856, does not mention on whose motion it was made, and it is as follows, viz:

"*Honoré Déjean*, Administrator, *v. Elizabeth Stilly* et al.—No. 7374.

"Appeal granted, if devolutive, by furnishing bond in the sum of one hundred and fifty dollars; if suspensive, in the sum fixed by law."

It was the duty of the District Judge to mention the return day of the appeal, and fix the same for the third Monday of August, 1856. C. P. 574 and 583; Acts 1856, p. 72.

The vague order allowing the appeal (if it had any validity at all) had reference to the next return day for the Supreme Court in this District, viz: the third Monday of August, 1857.

It was therefore irregular to execute the appeal bond after the return day, and file the appeal on the second day of the subsequent term, viz, Aug. 17, 1858.

The plaintiff and defendant alone have appeared in this court and filed briefs. The plaintiff's counsel contends that he is entitled to judgment either against the defendant or the warrantors, for the amount in dispute.

It is, therefore, evident that the warrantors are necessary parties to the appeal. They were not bound to attend at the present term of the court, and in the absence of notice we cannot permit their rights to be prejudiced.

We consider it our duty to notice, *ex officio*, the irregularity in the proceedings, and to order the appeal to be dismissed.

It is, therefore, ordered, adjudged and decreed, that the appeal in this case be dismissed at the costs of the appellant.